TGM

IRND 245B (Rev. 05072015) Judgment in a Criminal Case
Sheet 2 – Imprisonment                                                          Judgment – Page 2 of 4

DEFENDANT: ARMANDO SOTO
CASE NUMBER: 13 CR 617

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
Ninety-six (96) months as to count one (1).

☒   The court makes the following recommendations to the Bureau of Prisons: This Court recommends a facility close to the Chicago area.

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

      ☐   at          on

  ☐   as notified by the United States Marshal.

  ☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

      ☐   before 2:00 pm on

      ☐   as notified by the United States Marshal.

      ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on **02-26 2016** to **MVC**      at **Philipsburg, PA**     , with a certified copy of this judgment.

*S. M. Kuta, Warden*
~~UNITED STATES MARSHAL~~

By *a. Butler, Records*
~~DEPUTY UNITED STATES MARSHAL~~

# FILED

JUN 0 1 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

R ND 245B (Rev 05072015) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties
                                                                                                    Judgment – Page 3 of 4

DEFENDANT: ARMANDO SOTO
CASE NUMBER: 13 CR 617

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals | $100.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid. '

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Totals:** | | | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to **18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the _____

    ☐ the interest requirement for the _____ is modified as follows:

* Findings for the total amount of losses are required under **Chapters 109A, 110, 110A, and 113A of Title 18** for offenses committed on or after September 13, 1994, but before April 23, 1996.

IZND 245B (Rev. 05072015) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

Judgment – Page 4 of 4

DEFENDANT: ARMANDO SOTO
CASE NUMBER: 13 CR 617

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒ Lump sum payment of $100.00 due immediately.

☐ balance due not later than ____ , or

☐ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐ Payment in equal ____ (e.g. weekly, monthly, quarterly) installments of $ ____ over a period of ____ (e.g., months or years), to commence ____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal ____ (e.g. weekly, monthly, quarterly) installments of $ ____ over a period of ____ (e.g., months or years), to commence ____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within ____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if Appropriate |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: See attached order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA     )
                                     )
               v.             )     No.   13 CR 617-1
                                     )     Judge Thomas M. Durkin
ARMANDO SOTO               )

## PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 21, United States Code, Section 853 and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a)    On September 25, 2013, an indictment was returned charging defendant ARMANDO SOTO with violations of the Controlled Substances Act pursuant to the provisions of 21 U.S.C. § 846, among other violations;

(b)    The indictment sought forfeiture to the United States of certain property pursuant to the provisions of 21 U.S.C. § 853(a)(1) and (2);

(c)    On March 19, 2014, pursuant to Fed. R. Crim. P. 11, defendant ARMANDO SOTO entered a guilty plea to Count One of the indictment charging him with a violation of 21 U.S.C. § 846;

(d)    In the plea agreement entered between the defendant and the United States, defendant ARMANDO SOTO agreed that the following property is subject to forfeiture pursuant to the provisions of 21 U.S.C. § 853. The property subject to forfeiture includes but is not limited to:

1.  a forfeiture judgment in the amount of $95,339;

·2.  funds in the amount of $4,661; and

3.  the real property commonly known as 1622 S. 57th Avenue, Cicero, Illinois and legally described as:

LOT 11 (EXCEPT THE NORTH 14 FEET THEREOF) AND THE NORTH 18 FEET OF LOT 12 IN BLOCK 1 IN PARKVIEW SUBDIVISION OF THE NORTHWEST ½ OF THE NORTHEAST ¼ OF THE SOUTHEAST ¼ OF SECTION 20, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY ILLINOIS.

Permanent Real Estate Index Number: 16-20-405-030;

(e)  On or about December 5, 2013, the Drug Enforcement Administration administratively forfeited funds in the amount of $4,661 thereby making the property unavailable for judicial forfeiture;

(f)  The government requests that this Court enter a preliminary order of forfeiture as to the foregoing judgment in the amount of $95,339 and real property, pursuant to the provisions of 21 U.S.C. § 853(a), forfeiting all right, title, and interest of defendant ARMANDO SOTO in the property for disposition according to law;

(g)  If any of the funds in the amount of the $95,339 money judgment entered against defendant ARMANDO SOTO as a result of any act or omission of the defendant:

1.  cannot be located upon the exercise of due diligence;

2.  has been transferred or sold to, or deposited with, a third party;

3.  has been placed beyond the jurisdiction of the court;

4.  has been substantially diminished in value, or

5.  has been commingled with other property which cannot be divided without difficulty;

2

the United States shall request that this Court order the forfeiture of any other property belonging to the defendant up to the value of $95,339 pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2, in order to satisfy the money judgment entered by the Court;

(h)     The United States further requests that the terms and conditions of this preliminary order of forfeiture entered by the Court be made part of the sentence imposed against defendant ARMANDO SOTO and included in any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.     That, a judgment is entered against defendant ARMANDO SOTO in the amount of $95,339;

2.     That, pursuant to the provisions of 21 U.S.C. § 853(a) (1) and (2) and Fed. R. Crim. P. 32.2, all right, title and interest of defendant ARMANDO SOTO in the foregoing property is hereby forfeit to the United States of America for disposition according to law;

3.     That, pursuant to the provisions of 21 U.S.C. § 853(g), the Internal Revenue Service shall seize and take custody of the foregoing real property for disposition as the according to law;

4.     That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), the United States shall publish notice of this order and of its intent to dispose of the property according to law.   The government may also, to the extent practicable, pursuant to statute, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture as a substitute for published notice as to those persons so notified

including but not limited to Noe Castaneda, Rosalina Castaneda-Bonilla and Cook County Treasurer's Office;

     5.     That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), if following notice as directed by this Court and 21 U.S.C. § 853(n)(1), any person other than the defendant, asserts an interest in the property which has been ordered forfeit to the United States, within thirty days of the final publication of notice or this receipt of notice under paragraph four (4), whichever is earlier, and petitions this Court for a hearing to adjudicate the validity of this alleged interest in the property the government shall request a hearing. The hearing shall be held before the Court alone, without a jury;

     6.     That, following the Court's disposition of all third parties interests, the Court shall, upon the government's motion, if appropriate, enter a final order of forfeiture, as to the property which is the subject of the this preliminary order of forfeiture, vesting clear title in the United States of America;

     7.     Pursuant to the terms of 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2, the terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant ARMANDO SOTO and shall be made part of any judgment and commitment order entered in this case against him;

4

8.      This Court shall retain jurisdiction in this matter to take additional action and enter

further orders as necessary to implement and enforce this forfeiture order.

THOMAS M. DURKIN
United States District Judge

DATED: _____1/7/16_____

5

IS

# UNITED STATES DISTRICT COURT

Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) |
| | ) |
| Armando Soto | ) Case Number: 13 CR 617 |
| | ) USM Number: 46077-424 |
| | ) |
| | ) |
| | ) Robert S. Nathan |
| | ) Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s) one (1).
☐ pleaded nolo contendere to count(s)        which was accepted by the court.
☐ was found guilty on count(s)        after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| **21 USC 846** | Conspiracy to Possess with Intent to Distribute a Controlled Substance | 7/26/2013 | 1 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) 2,6 dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ LAURA SPRINGER
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
January 8, 2016

1/7/2016
Date of Imposition of Judgment

Signature of Judge

Thomas M. Durkin        U.S. District Judge
Name and Title of Judge

Date